[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant John Martin was indicted for possession of cocaine, in violation of R.C. 2925.11(A). On January 5, 2000, Martin's counsel filed a motion to suppress any evidence and statements made by him. In the motion, Martin argued that the arresting officer did not have a warrant or probable cause to arrest him or to conduct a search incident to the arrest, and that Martin was denied his constitutional right to counsel.
At the hearing on the motion to suppress, Sergeant Luck, a Cincinnati police officer detailed to the Cincinnati Metropolitan Housing Authority, testified that, at 3 p.m. on November 6, 2000, he had responded to a call from a retired police officer working as a bondsman, who was seeking assistance in apprehending a "jail hopper." The absconder was described as a black male wearing dark clothing. Having seen a photograph of the suspect and receiving information from an eyewitness concerning the suspect's general whereabouts, Luck observed a black male in dark clothing who resembled the man in the photo, near the location where the suspect had last been seen. Luck identified himself as a police officer and asked the suspect for his name and identification. The suspect identified himself as John Martin. Because this was not the name of the alleged absconder, Luck suspected that Martin was giving him a false name. Luck ran a computer check on Martin and learned that Martin had outstanding warrants for his arrest. Given that, Luck arrested Martin and conducted a pat-down search. During the search, Luck found cocaine in Martin's pocket. After the hearing, the trial court overruled the motion to suppress, stating that the stop was valid because Luck had possessed reasonable grounds to believe that Martin was wanted, and that the fact that Martin was wanted justified his arrest.
Thereafter, Martin filed several pro se motions, including a motion to withdraw counsel and a second motion to suppress evidence related to a laboratory test. The trial court overruled the pro se motions before the commencement of a jury trial on May 25, 2000. Following the trial, the jury determined that Martin was guilty of possession of cocaine, and he was sentenced as appears of record.
Martin now appeals, alleging two assignments of error. We find neither to be well taken. In his first assignment of error, Martin alleges that the trial court erred in failing to grant his January 5, 2000, motion to suppress, because Luck did not have probable cause or reasonable suspicion to stop him, and because he was not given Miranda warnings. We do not agree.
We begin our analysis by addressing the initial stop. At the hearing on the motion to suppress, Luck testified that, based on Martin's clothing, the photograph, and the witness's statement concerning the location of the suspect, he had stopped Martin upon his belief that Martin was the absconder. When viewed through the eyes of a reasonable and prudent officer on the scene, the evidence provided a justification for an investigatory stop.[1] Further, in light of Luck's belief that Martin might have been the alleged absconder, we conclude that Luck did not exceed the scope of the stop either by asking Martin for identification without first giving him Miranda warnings or by running a computer check to determine if Martin was who he claimed to be.[2] Finally, once Luck became aware of Martin's outstanding warrants, Luck could lawfully have arrested Martin and searched him incident to the lawful arrest.[3]
Under these circumstances, we hold that the stop and search did not violate Martin's constitutional rights, and that the trial court properly denied Martin's first motion to suppress. Accordingly, we overrule Martin's first assignment of error.
In his second assignment of error, Martin contends that the trial court improperly denied his pro se motion to withdraw counsel. In his motion to withdraw counsel, Martin made the following allegations: (1) his counsel did not fulfill his request that counsel file a request for a bill of particulars; (2) his counsel did not provide him with the results of an independent laboratory test; and (3) his counsel was not working in his best interests.
The record does not indicate "a breakdown in the attorney-client relationship of such magnitude as to jeopardize the defendant's right to effective assistance of counsel."[4] Here, appointed counsel filed a motion for an independent analysis of the cocaine seized from Martin, which the trial court granted. Martin's counsel explained to the trial court that he had personally given Martin all discovery material, presumably including the results of the independent laboratory test. Moreover, there is no evidence in the record that Martin's counsel failed to communicate with Martin, or that Martin's counsel was otherwise ineffective. Based on these circumstances, we are not persuaded that the trial court abused its discretion in rejecting Martin's motion.[5] The second assignment is overruled.
The judgment of the trial court is, therefore, affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Hildebrandt and Sundermann, JJ.
[1] See Terry v. Ohio (1968), 392 U.S. 1, 21, 88 S.Ct. 1868,1879-1880.
[2] See California v. Beheler (1983), 463 U.S. 1121, 1125,103 S.Ct. 3517, 3520; Miranda v. Arizona (1966), 384 U.S. 436, 86 S.Ct. 1602.
[3] See State v. Robinson (1973), 414 U.S. 218, 94 S.Ct. 467; State v.Groves (Feb. 23, 2000), Scoito App. No. 99 CA 2630, unreported.
[4] See State v. Coleman (1988), 37 Ohio St.3d 286, 525 N.E.2d 792, paragraph four of the syllabus.
[5] See id. at 292, 525 N.E.2d at 798-799.